# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# Marshall Division

| | | |
|---|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:17-cv-153 |
| CLOVER NETWORK, INC. | § § | |
| Defendant. | § § | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Digital Verification Systems, LLC hereby complains of Defendant Clover Network, Inc. ("Clover" or "Defendant") as follows:

## PARTIES

1. Plaintiff Digital Verification Systems, LLC ("Digital Verification") is a company organized under the laws of the State of Texas with its principal place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. On information and belief, Defendant Clover is a privately-held corporation with its principal place of business located at 415 N. Mathilda Avenue, Sunnyvale, California, 94085. On information and belief, Defendant Clover regularly conducts business in this judicial district at least through its offers for sale, and sales of infringing systems and services.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over Clover based upon its contacts within this forum, including regularly conducting business in this judicial district, by, *inter alia*, selling/offering for sale infringing systems and services in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) or 1400(b).

## THE '860 PATENT

7. United States Patent No. 9,054,860 ("the '860 patent") entitled "Digital Verified Identification System" was duly and legally issued by the United States Patent & Trademark Office on June 9, 2015.

8. Digital Verification owns all right title and interest in the '860 patent. A copy of Digital Verification's '860 patent is attached to this Complaint as Exhibit A.

## DEFENDANTS' INFRINGING ACTIVITIES

9. Without Digital Verification's authorization, Clover has made, used, offered for sale and sold in the United States systems that infringe one or more claims of the '860 patent. Additionally, Clover has infringed one or more of the method claims of the '860 patent. The Accused Clover instrumentalities include, at least its Point-of-Sale terminals including the Clover Mini, Clover Mobile, and Clover Station, a description of each is found on the Clover website at https://www.clover.com and https://help.clover.com/signature-settings/?userDevice=station (the

"Accused Clover Instrumentality"). Digital Verification will supplement this list should additional infringing instrumentalities be discovered in due course. The Accused Clover Instrumentality includes the function of electronically signing and authenticating an electronic document by a verified signatory.

10.  Digital Verification has been and will continue to be irreparably harmed by Clover's infringement of the '860 patent.

## COUNT 1: PATENT INFRINGEMENT

11.  Digital Verification re-alleges each and every allegation above, and incorporates them by reference herein.

12.  Clover has directly infringed and continues to directly infringe at least claims 1, 23, 26, 30, and 39 of the '860 patent under 35 U.S.C. § 271(a), by making and/or importing, using, offering to sell, and selling the Accused Clover Instrumentality in or into the United States.

13.  Claim 1 is used here to demonstrate Clover's infringement of the '860 patent's system claims. The following statements are in no way meant to limit Digital Verification's ability to assert additional system claims of the '860 patent. Infringement contentions pursuant to the local patent rules will be served in due course this case and those contentions are incorporated herein by reference.

14.  Claim 1 of the '860 patent recites:

> A digital verified identification system, comprising at least one digital identification module structured to be associated with at least one entity,

> A module generating assembly structured to receive at least one verification element corresponding to the at least one entity and create said at lest one digital identification module,
>
> Said at least one digital identification module being disposable within at least one electronic file, and
>
> Said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein
>
> Said at least one digital identification module is cooperatively structured to be embedded within a single electronic file.

15. The Clover Accused Instrumentality infringes claim 1 of the '860 by, for example and without limitation, having a module generating assembly that is structured to receive at least one verification element corresponding to an entity, such as the data structures associated with an EMV chip card and other authentication elements. The module that is created is disposed within an electronic document to be authenticated using the EMV chip signature, as well as electronic signatures of the card holder in certain cases. The EMV authentication codes and optional electronic signatures constitute one example of a primary component as claimed in the '860 patent. Each electronic file is assigned its own authentication verification code and thus the specific module that is associated with the electronic verification document is only used with that single electronic file.

16. Claim 26 is used here to demonstrate Clover's infringement of the '860 patent's method claims. The following statements are in no way meant to limit Digital Verification's ability to assert additional method claims of the '860 patent. Infringement contentions pursuant to the local patent rules will be served in due course in this case and those contentions are incorporated herein by reference.

17. Claim 26 of the '860 recites:

A method of digital identification verification, comprising:

Receiving at least one verification data element from an entity,

Creating at least one digital identification module corresponding to the entity, wherein the digital identification module includes at least a primary component at least partially associated with the entity, and

Embedding the at least one digital identification module within an electronic file, wherein

Said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file.

18. Clover's Accused Instrumentality infringes claim 26 of the '860 patent, for example and without limitation, having a module generating assembly that is structured to receive at least one verification element corresponding to an entity, such as the data structures associated with an EMV chip card and other authentication elements. The module that is created is disposed within an electronic document to be authenticated using the EMV chip signature, as well as electronic signatures of the card holder in certain cases. The EMV authentication codes and optional electronic signatures constitute one example of a primary component as claimed in the '860 patent. Each electronic file is assigned its own authentication verification code and thus the specific module that is associated with the electronic verification document is only used with that single electronic file.

19. Upon information and belief available to the Digital Verification at the time of the filing of this Complaint, Clover has infringed, and continues to infringe, at least claims 1, 23, 26, 30, and 39 of the '860 patent.

## JURY DEMAND

**20.** Digital Verification requests a trial by jury of all issues so triable.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Digital Verification respectfully prays for:

A.  Judgment that Defendant Clover has and is infringing United States Patent No. 9,054,860 in violation of 35 U.S.C. § 271(a);

C.  An award of damages adequate to compensate Plaintiff Digital Verification for the patent infringement that has occurred pursuant to 35 U.S.C. § 284;

D.  An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest;

E.  Such other and further relief as this Court deems just and proper.

Dated: February 24, 2017    /s/Matthew P. Harper
**Mathew P. Harper**
Texas Bar No. 24037777

**HARPER IP GROUP, LLC**
817 North Saddlebrook Drive
Bedford, Texas 76021

**ATTORNEYS FOR PLAINTIFF DIGITAL VERIFICATION SYSTEMS, LLC.**