**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC | § § § | |
| *Plaintiff*, | § § | Civil Action No. 2:17-cv-153 |
| v. | § § | JURY TRIAL DEMANDED |
| CLOVER NETWORK, INC., | § § § | |
| *Defendant*. | § | |

**DEFENDANT CLOVER NETWORK, INC.'S MOTION TO DISMISS
FOR IMPROPER VENUE**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1
II. FACTUAL BACKGROUND ................................................................................................1
    A. Clover Network, Inc. ......................................................................................................1
    B. The Complaint ................................................................................................................2
III. LEGAL STANDARD ...........................................................................................................2
IV. ARGUMENT .........................................................................................................................7
    A. Clover does not "reside" in this District. ........................................................................7
    B. Clover does not have a "regular and established place of business" in this District. ............................................................................................................................7
V. CONCLUSION ....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*American Cyanamid Co. v Nopco Chemical Co.*,
    388 F.2d 818 (4th Cir. 1968) ...................................................................................................4

*Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*,
    134 S. Ct. 568 (2013) ................................................................................................................3

*Blue Spike, LLC v. Nook Digital, LLC*,
    No. 6:16-cv-1361-RWS-JDL, 2017 WL 3263871 (E.D. Tex. July 28, 2017) ...........................5

*In re Cordis*,
    769 F.2d 733 (Fed. Cir. 1985) ...............................................................................................4, 5

*Grantham v. Challenge-Cook Bros., Inc.*,
    420 F.2d 1182 (7th Cir. 1969) ..................................................................................................4

*Hand Held Prods., Inc. v. The Code Corp.*,
    No. 2:17-cv-167-RMG, 2017 WL 3085859 (D.S.C. July 17, 2017) .........................................5

*Kay v. J.F.D. Mfg. Co.*,
    261 F.2d 95 (5th Cir. 1958) ................................................................................................. 3-4

*Knapp-Monarch Co. v. Casco Prods. Corp.*,
    342 F.2d 622 (7th Cir. 1965) ....................................................................................................4

*LoganTree v. Garmin Int'l et al.*,
    5:17-cv-00098-FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017) ................................... 9-10

*Percept Technologies v. Fove, Inc.*,
    No. 15-cv-02387, Dkt. 52 (D. Nev. Aug. 8, 2017) ...................................................................6

*Raytheon Corp. v. Cray Inc.*,
    No. 2:15-cv-1554, 2017 WL 2813896 (E.D. Tex. June 29, 2017) ................................. *passim*

*Realtime Data LLC, v. Acronis, Inc.*,
    No. 6:17-cv-119, 2017 WL 3276385 (E.D. Tex. July 14, 2017) ..............................................5

*Realtime Data LLC d/b/a IXO v. Exinda Inc.*,
    6:17-cv-00124, Dkt. 33 (E.D. Tex. Aug. 1, 2017) ............................................................... 6-7

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961) ............................................................................................................ 2-3

*Steubing Automatic Machine Co. v. Gavronsky*,
   No 1:16-cv-576, 2017 WL 3187049 (W.D. Ohio June 12, 2017) ......................... 5-6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017).............................................................................. *passim*

*Univ. of Ill. Found. v. Channel Master Corp.*,
   382 F.2d 514 (7th Cir. 1967) ......................................................................4

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
   917 F.2d 1574 (Fed. Cir. 1990)...................................................................3

*W.S. Tyler Co. v. Ludlow-Saylor Wire Co.*,
   236 U.S. 723 (1915)..................................................................................3

**Federal Statutes**

28 U.S.C. § 1391(b) .......................................................................................2

28 U.S.C. § 1391(c) .......................................................................................2

28 U.S.C. § 1391(d) .......................................................................................2

28 U.S.C. § 1400(b) ...............................................................................1, 2, 3, 7

28 U.S.C. § 1406(a) .................................................................................1, 3, 7

**Rules**

Local Rule CV-5(a)(3)(A) ...........................................................................12

Rule 12(b)(3)........................................................................................1, 3, 7

Defendant Clover Network, Inc. ("Clover") respectfully moves to dismiss this civil action pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).

## I.    INTRODUCTION

"Any civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b) (numbering added). In its recent decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017), the Supreme Court held that, under 28 U.S.C. §1400(b), a U.S. company only resides in its state of incorporation. Clover is a Delaware corporation and thus does not reside in the Eastern District of Texas. The complaint makes no factual allegations to support a finding that Clover has a regular and established place of business in this District. Nor could Plaintiff make any such allegations, because Clover does not have any permanent or continuous presence in the Eastern District of Texas. Venue is therefore improper and this case should be dismissed.

## II.   FACTUAL BACKGROUND

### A.    Clover Network, Inc.

Clover is a Delaware company that develops point-of-sale ("POS") hardware and software solutions for small and medium-sized businesses. (Ex. 1 (Aronowitz Decl.) ¶¶ 3-4.) Clover's headquarters is located in Sunnyvale, California. (Dkt. 1 ¶ 2.) Clover does not lease or own any real estate or infrastructure in the Eastern District of Texas. (*Id.* ¶¶ 7, 9.) In addition to having no physical office in the District, Clover has no employees that regularly work from the Eastern District of Texas from a home office or otherwise. (*Id.* ¶ 8.) None of its employees live there. (*Id.*)

Clover does not store inventory in the Eastern District of Texas. (*Id.* ¶ 9.) It has not engaged in any marketing or other activities suggesting that Clover has a presence in the Eastern

District of Texas. (*Id.* ¶ 10.) It does not engage in any advertising specifically directed to customers in the District. (*Id.* ¶ 11.) Nor does Clover provide any localized customer support to customers in the Eastern District of Texas. (*Id.* ¶ 12.)

### B. The Complaint

On February 24, 2017, Plaintiff filed this action against Clover, asserting claims for infringement of U.S. Patent No. 9,054,860 ("the '860 patent"). The asserted patent, titled "Digital Verified Identification System," purports to describe a system and method "for verifying and/or authenticating the identification of an entity associated with an electronic file." (*See, e.g.*, ('860 patent) at Abstract attached to Exhibit 2 – Ravel Declaration.) In particular, the '860 patent describes a "module generating assembly structured to receive at least one verification data element, and at least one digital identification module structured to be associated with at least one entity." (*See, e.g.*, *id.*; Dkt. 1 ¶¶ 14-18.) Plaintiff asserts that Clover's point-of-sale terminals infringe "one or more" claims of the '860 patent.

The complaint alleges "Clover regularly conducts business in [the Eastern District of Texas] at least through its offers for sale and sales of infringing systems and services." (Dkt. 1 ¶ 2; *see also id.* ¶¶ 5-6.) The complaint does not allege that Clover owns or rents any real estate in the Eastern District of Texas or that Clover otherwise has a regular and established place of business in the Eastern District of Texas or a permanent and continuous presence there. The complaint alleges that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) or 1400(b)," but offers no factual allegations to support that bald legal conclusion.

### III. LEGAL STANDARD

"The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal'

construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961) (citation omitted). Dismissal under Rule 12(b)(3) and 28 U.S.C. § 1406 is appropriate "when venue is 'wrong' or 'improper.'" *Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Id*.

The patent venue statute, 28 U.S.C. § 1400(b), expressly restricts venue in patent infringement actions to "[1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (numbering added). In its recent decision in *TC Heartland*, the Supreme Court held that "'reside[nce]' in § 1400(b) refers only to the State of incorporation." 137 S. Ct. at 1521. The Court's decision abrogated a decades-old precedent from the U.S. Court of Appeals for the Federal Circuit, which had held that venue in patent infringement actions is proper in any judicial district in which the defendant is subject to personal jurisdiction. *See VE Holding Corp. v. Johnson Gas Appliance Co*., 917 F.2d 1574, 1575 (Fed. Cir. 1990).

No appellate court has examined what it means to have a "regular and established place of business" since the Supreme Court decided *TC Heartland* in May 2017. The Supreme Court's last guidance on what constitutes a regular and established place of business, *W.S. Tyler Co. v. Ludlow-Saylor Wire Co*., 236 U.S. 723 (1915), held that the defendant's satellite office in the judicial district was not a "regular and established place of business." *Id*. at 725. Subsequent circuit court decisions have held that the "regular and established place of business" requirement is not satisfied, for example, by offers to sell and sales of the accused products by an agent located in the district or by the existence of an employee working from a home office. *See, e.g.,*

3

*Kay v. J.F.D. Mfg. Co.*, 261 F.2d 95 (5th Cir. 1958) (defendant's agent's office was not a "regular and established place of business" where agent took orders for defendant but defendant did not pay rent on agent's office and agent did not have any power to make agreements for appellee or bind appellee); *Knapp-Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622 (7th Cir. 1965); *Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514, 515 (7th Cir. 1967) (defendant's employee's home office was not a "regular and established place of business" where it was not used to receive business visitors or maintain inventory and was not advertised as having a connection to the defendant, even though employee made business phone calls from the residence and the home address and telephone number were listed on employee's business card); *American Cyanamid Co. v Nopco Chemical Co.*, 388 F.2d 818 (4th Cir. 1968) (same holding, where defendant's sales manager resided in the district, engaged in business communications from his residence, and kept brochures and invoices regarding defendant's products there); *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182 (7th Cir. 1969) (same holding, where defendant's employee lived and worked in the judicial district, but "was free to live where he chose so far as [infringement defendant] was concerned.").

*In re Cordis*, 769 F.2d 733 (Fed. Cir. 1985) is the only case in which the Federal Circuit addressed the meaning of the "regular and established place of business" requirement. Denying a petition for writ of mandamus,[1] the Federal Circuit stated that the applicable standard for a "regular and established place of business" is "whether the corporate defendant does its business in the district through a permanent and continuous presence there." *Id.* at 737. In that case, (1) substantial inventory of the accused product was maintained at the homes of employees in the district specifically for sale to customers within the district, (2) the telephone directory listed the

---

[1] The Federal Circuit emphasized that its review was limited by the procedural posture of reviewing a petition for writ of mandamus. *Id.*

employees' homes as defendant's address within the district, (3) the employees sold and delivered the accused product directly to customers within the district, and (4) a secretarial service within the district answered phone calls as "Cordis Corporation" and provided administrative support.  *Id*.  Under those circumstances, the Federal Circuit concluded, there was a "rational and substantial legal argument" that Cordis conducted business in the district through a permanent and continuous presence.  *Id*.

This Court has adjudicated the merits of whether the patent infringement defendant has a "regular and established place of business" in the judicial district in multiple cases since *TC Heartland*.  In *Blue Spike, LLC v. Nook Digital, LLC*, No. 6:16-cv-1361-RWS-JDL, 2017 WL 3263871 (E.D. Tex. July 28, 2017), the magistrate judge recommended dismissal for improper venue where the defendant was a Delaware corporation with no offices or employees located in the Eastern District of Texas.  Likewise, in *Realtime Data LLC, v. Acronis, Inc*., No. 6:17-cv-119 RWS-JDL, 2017 WL 3276385 (E.D. Tex. July 14, 2017), the magistrate judge recommended dismissal under a similar fact pattern.  These decisions are consistent with other district courts that have concluded since *TC Heartland* that venue was improper because the defendant did not have a "regular and established place of business" in the district.  *See Hand Held Prods., Inc. v. Code Corp.*, No. CV 2:17-167-RMG, 2017 WL 3085859, at *1 (D.S.C. July 18, 2017) (granting transfer under 28 U.S.C. § 1406 where defendant had only a single employee within the district, notwithstanding regular sales to customer in the district from outside of the district and a sales manager for the forum state); *Stuebing Automatic Machine Co. v. Gavronsky*, No. 1:16-CV-576, 2017 WL 3187049, at *1 (S.D. Ohio June 12, 2017) (granting transfer under 28 U.S.C. § 1406 because defendant did not employ any local sales representatives or store any product in the district, even where defendant did communicate with customers in and ship products to the

5

district); *Percept Technologies v. Fove, Inc.*, No. 15-cv-02387, Dkt. 52 at 2-3 (D. Nev. Aug. 8, 2017) (venue held improper in Nevada despite importation and demonstration of a prototype at the Consumer Electronics Show in Las Vegas).

In *Raytheon Corp. v. Cray Inc.*, No. 2:15-cv-1554, 2017 WL 2813896 (E.D. Tex. June 29, 2017), Judge Gilstrap articulated four factors that should be considered in determining whether a defendant has a regular and established place of business in the district in which the plaintiff filed the complaint. Those factors are: (1) physical presence; (2) defendant's representations; (3) benefits received; and (4) targeted interactions with the district. *Id*. The defendant in *Cray* employed a sales executive, Mr. Harless, who had been working exclusively for the defendant in the Eastern District of Texas for over seven years. *Id.* at *9. Cray paid Mr. Harless a salary and identified him as "Named Account Manager" for Athens, Texas. *Id.* Mr. Harless used an "office" telephone number with an Eastern District of Texas area code to contact and sell products to customers, and listed that number on invoices and a sales proposal to a prospective customer. *Id.* In addition to sales, Mr. Harless's activities within the Eastern District of Texas included "new account development in the Central U.S. and key account management in the financial, biomedical, and petroleum industries." *Id.* at *10. In total, the revenue for sales of accused products attributed to Mr. Harless while he was working in the Eastern District of Texas exceeded $345 million. *Id.* at *6. Under these circumstances, the Court found that venue was proper as to the defendant.[2] *See also Realtime Data LLC d/b/a IXO v. Exinda Inc.*, 6:17-cv-00124, Dkt. 33 (E.D. Tex. Aug. 1, 2017) (magistrate judge's report and

---

[2] The defendant in *Cray* has petitioned to the Federal Circuit for a writ of mandamus.

recommendation that a motion to dismiss for improper venue be denied because defendant failed to supply sufficient evidence that venue was improper).[3]

## IV.   ARGUMENT

Plaintiff does not allege that Clover resides in this District, nor does it allege facts that would support a finding that Clover has a "regular and established place of business" in this District under *Cray*. To the contrary, the evidence demonstrates that Clover is a Delaware company headquartered in California with no place of business nor any employees located in the Eastern District of Texas, and which does not specifically direct any activities toward the Eastern District of Texas. This action should therefore be dismissed under Rule 12(b)(3) and § 1406(a).

### A.   Clover does not "reside" in this District.

In *TC Heartland*, the Supreme Court held that "[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation." 137 S. Ct. at 1521 (brackets original). Because Clover is a "domestic" (*i.e.*, United States) corporation and is not incorporated in Texas (Ex. 1 (Aronowitz Decl.) ¶ 4.), Clover does not "reside" in Texas and venue in the Eastern District of Texas cannot be maintained on that basis.

### B.   Clover does not have a "regular and established place of business" in this District.

In *Cray*, this Court set forth four factors to serve as a "framework" for the "regular and established place of business" analysis: (1) the extent to which defendant has a physical presence in the district; (2) the extent to which defendant represents it has a presence in the district; (3) the extent to which defendant derives benefits from its presence in the district; and (4) the extent to

---

[3] Clover respectfully disagrees that it is the defendant's burden to show that venue is improper. Whether the burden is plaintiff's or defendant's, however, should not impact the outcome of this motion because Mr. Aronowitz's declaration provides ample evidence that venue is improper.

which defendant interacts in a targeted way with existing or potential customers in the district. 2017 WL 2813896, at *10-*14. Applying those four factors, venue is improper in this case.[4]

### 1. Factor One: Physical Presence

The first *Cray* factor is "the extent to which defendant has a physical presence in the district." *Id.* at *11. Plaintiff fails to allege that Clover has a physical presence in the Eastern District of Texas, nor could it do so. Clover does not own or lease any real estate in the District. (Ex. 1 (Aronowitz Decl.) ¶ 7.) Likewise, no Clover employees work or reside in the Eastern District of Texas. (*Id.* ¶ 8.) Clover houses no inventory, nor owns or leases any infrastructure in the Eastern District of Texas. (*Id.* ¶ 9.) Because Clover has no physical presence in the District, factor one weighs against a finding that Clover has a regular and established place of business in this District.

### 2. Factor Two: Defendant's Representations

*Cray*'s second factor is "the extent to which a defendant represents, internally or externally, that it has a presence in the district." *Id.* at *12.

Plaintiff fails to allege that Clover represents it has a presence in the Eastern District of Texas, nor could it do so. Neither Clover nor its employees has made any representation that Clover has a business presence specific to this District. (Ex. 1 (Aronowitz Decl.) ¶ 10.) Factor two thus also weighs against a finding that Clover has a regular and established place of business in this District.

---

[4] Clover respectfully believes that *Cray* sets forth an analysis that could lead to findings that venue is proper even where the defendant does not maintain a regular and established place of business and does not have any "permanent and continuous presence" in a district. Clover believes that the regular and established place of business standard is higher than the *Cray* analysis suggests, consistent with the decisions cited above at Section III. For purposes of this motion, however, the precise contours of what constitutes a "regular and established place of business" need not be delineated. Whether evaluated under the *Cray* analysis or the analysis applied in any of the other cases cited in this brief, venue in this District is not proper as to Clover.

### 3. Factor Three: Benefits Received

*Cray's* third factor is "the extent to which a defendant derives benefits ***from its presence in the district***, including but not limited to sales revenue." 2017 WL 2813896, at *13 (emphasis added). As stated above, Clover has no presence in the Eastern District of Texas. *See* Section IV.B.1, *supra*. Therefore, it cannot derive any benefits from such a presence. Accordingly, this factor weighs against a finding that Clover has a regular and established place of business in this District.

Plaintiff alleges that Clover "regularly conducts business in this judicial district at least through its offers for sale, and sales of infringing systems and services." (Dkt. 1 ¶ 2.) As the Aronowitz declaration demonstrates, however, Clover has no employees in the District, and therefore makes no offers for sale or sales "in this judicial district." (*See* Ex. 1 (Aronowitz Decl.) ¶ 8.) To the extent that plaintiff is alleging that Clover has a regular and established place of business in the District because there are Clover customers within the Eastern District of Texas, that argument fails in at least two ways. ***First***, *TC Heartland* itself flatly rejects the view (previously espoused by the Federal Circuit) that the analysis for whether venue is proper in patent infringement cases is the same as the analysis for whether the defendant has sufficient minimum contacts with the forum to maintain *in personam* jurisdiction—which would depend on whether the defendant placed accused articles in the stream of commerce that were purchased within the district. *See TC Heartland*, 137 S. Ct. at 1519-20.

***Second***, the argument that product sales alone (which the defendant made from outside of the judicial district) could be sufficient to establish proper venue has specifically been rejected. On this point, the Western District of Texas's recent decision in *LoganTree v. Garmin Int'l, et al.*, 5:17-cv-00098-FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017) is instructive. In *LoganTree*, the defendant (like Clover) did not have any presence of its own in the District. *Id.*

9

at *1. The accused product was, however, sold to customers within the district. *Id.* Further, the defendant in *LoganTree* maintained a listing on its website of distributors in the Western District of Texas from which the accused product could be obtained. *Id.* Despite these facts, the court held that venue was not proper because "the kind and degree of defendants' contacts do not support a finding that defendants have a permanent and continuous presence which shows a regular and established place of business in the Western District of Texas." *Id.* at *2.

### 4. Factor Four: Targeted Interactions with the District

The final *Cray* factor is "the extent to which a defendant interacts in a targeted way with existing or potential customers, consumers, users, or entities within a district, including but not limited to localized customer support, ongoing contractual relationships, or targeted marketing efforts." 2017 WL 2813896 at *13. Plaintiff fails to allege that Clover interacts in a targeted way with existing or potential customers, consumers, users, or entities within the Eastern District of Texas, nor could it do so. Clover does not interact with the Eastern District of Texas in any targeted way. (Ex. 1 (Aronowitz Decl.) ¶ 11.) It does not direct any localized marketing efforts or localized customer support to existing or potential customers in the Eastern District of Texas. (*Id.* ¶¶ 10-11.) Thus, *Cray* factor four, like the first three factors, weighs against a finding that Clover has a regular and established place of business in this District.

### V. CONCLUSION

There is no allegation in this case that Clover "resides" or has "a regular and established place of business" in the District as is necessary to establish proper venue under the Supreme Court's recent *TC Heartland* decision. Further, as set forth in the Aronowitz declaration, the evidence shows that each of the four *Cray* factors weighs against a finding that Clover has a regular and established place of business in this District. Thus, for the foregoing reasons, Clover

respectfully requests that the Court dismiss this action without prejudice to re-filing in a judicial district in which venue is proper.

                                        Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
J. R. Johnson
Texas State Bar No. 24070000.
KELLY HART & HALLMAN LLP
303 Colorado, Ste. 2000
Austin, Texas 78701
Tel: (512) 495-6439
Fax: (512) 495-6401
Email: steve.ravel@kellyhart.com

Travis L. Clardy
Texas State Bar No. 04268020
209 East Main Street
Nacogdoches, Texas 75961
Tel: (936) 564-2500
Fax: (936) 564-2507
Email: travis.clardy@kellyhart.com

Gregory H. Lantier
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6327
Fax: (202) 663-6363
Email: gregory.lantier@wilmerhale.com

        David C. Marcus
        Jason F. Choy *(Pro Hac Vice Application pending)*
        WILMER CUTLER PICKERING HALE AND
        DORR LLP
        350 South Grand Avenue, Suite 2100
        Los Angeles, CA 90071
        Tel: (213) 443-5312
        Fax: (213) 443-5400
        Email: david.marcus@wilmerhale.com
        Email: jason.choy@wilmerhale.com

        ATTORNEYS FOR CLOVER NETWORK, INC.

## CERTIFICATE OF SERVICE

      The undersigned certifies that on August 11, 2017 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

                                              */s/ J. Stephen Ravel*
                                              J. Stephen Ravel